UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS FUENTES and CATALINA VASQUEZ de FUENTES,<br><br>Plaintiffs,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | * * * * * * * * * * * | Case No. 4:24-cv-03332 |

**COMPLAINT**

Plaintiffs, Luis Fuentes and Catalina Vasquez de Fuentes, through undersigned counsel, for their Complaint against Defendant, The Lincoln National Life Insurance Company ("Lincoln"), allege as follows:

PARTIES

1. Luis Fuentes is a citizen of the State of Texas residing in Houston, Texas.

2. Catalina Vasquez de Fuentes is a citizen of the State of Texas residing in Houston, Texas.

3. Lincoln is a corporation organized under the laws of the State of Indiana with its principal place of business in Fort Wayne, Indiana. Lincoln is an insurer that issued group life and accidental death insurance policies to Western Distributing Company ("WDC"), and pays claims under the policies.

JURISDICTION AND VENUE

4. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Plaintiffs bring this action to enforce their rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(b).

5. Pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this judicial district.

FACTUAL ALLEGATIONS

6. Johnny Fuentes (the "Insured") worked for WDC.

7. As a benefit of his employment with WDC, the Insured was afforded the opportunity to elect accidental death insurance coverage on himself through two group policies Lincoln issued and delivered to WDC.

8. Availing himself of such benefit, the Insured elected Basic and Voluntary Accidental Death and Dismemberment Insurance ("AD&D") coverage in the event he died in an accident.

9. Plaintiffs were the primary beneficiaries of the AD&D coverage.

10. All premiums for the elected AD&D coverage were paid through the Insured's date of death on July 20, 2023.

11. The Insured died as a result of multiple blunt force injuries following a motorcycle accident in Colorado. His death was ruled an accident by the presiding coroner.

12. Plaintiffs filed claims for AD&D benefits under the group policies, which claims were denied by Lincoln on September 26, 2023, on the basis that the loss was excluded from

coverage due to the Insured "driving a vehicle while intoxicated and having an alcohol concentration of more than 0.10" percent.

13. On February 1, 2024, Plaintiffs appealed the adverse claim determination on grounds that the toxicology results were unreliable due to the post-mortem blood sample being scooped from the chest cavity rather than drawn from an acceptable sampling site such as the femoral artery. Plaintiffs further countered that there was no evidence to support that alcohol intoxication caused or contributed to the accident.

14. In response to Plaintiffs' appeal, Lincoln obtained a "peer review" from a physician. On March 4, 2024, Lincoln wrote to counsel for Plaintiffs, providing them with a copy of the peer review, and requesting a response to the peer review by March 25, 2024.

15. On March 15, 2024, Plaintiffs submitted their response to the peer review to point out the flaws in the physician's conclusions – most notably that the toxicology results were not reliable for establishing the quantity of any substances found in the Insured's system due to the post-mortem blood sample being scooped from the chest cavity.

16. On March 25, 2024, Lincoln denied Plaintiffs' appeal on the basis that it "did not receive any new information for the appeal." The appeal denial letter further stated that Plaintiffs could request a second, final level of appeal.

17. Perplexed by Lincoln's claim that it had not received any new information supporting their first appeal, on April 9, 2024, Plaintiffs lodged a second appeal, pointing out that their first appeal had in fact included four exhibits, and that their response to the peer review contained seven additional exhibits, all of which was new information that had not been considered by Lincoln during its initial claim review.

18. Despite the fact that the first appeal letter stated that a decision on their second appeal would be rendered within 60 days of receipt of the second appeal, Lincoln did not respond to Plaintiffs' second appeal timely.

19. On June 12, 2024, Plaintiffs' counsel contacted Lincoln to determine the status of the second appeal, at which time counsel's office was directed to leave a voicemail for Lincoln's appeals specialist.

20. On or about June 13, 2024, Lincoln's appeals specialist notified Plaintiffs' counsel that a decision on the second appeal would be rendered in about a week.

21. On June 20, 2024, Lincoln's appeals specialist sent a letter to Plaintiffs' counsel enclosing a second "peer review" that Lincoln had obtained from another physician seeking his opinion on Plaintiffs' claim that the toxicology report was unreliable.

22. The letter, which was addressed to Plaintiff's counsel at an old address which had not been in use by Plaintiffs' counsel for several years and did not match the address on the letter of representation that had been sent to Lincoln, provided Plaintiffs with an opportunity to respond to the second peer review by July 11, 2024.

23. The following day, on June 21, 2024, Plaintiffs' submitted their response to the second peer review to point out that Lincoln's physician had actually agreed with their argument that the toxicology results were unreliable for quantitative analysis. Specifically, the physician noted in his peer review that "[t]he use of chest cavity blood for toxicology screening is problematic. While utilization of this sample does not entirely exclude the presence of an elevated alcohol or other substance level, it also fails to reliably confirm or quantify it." Plaintiffs' counsel further notified Lincoln that the mailing address it was using for him was wrong, and he provided Lincoln with his correct mailing address.

24. After waiting for a decision on their second appeal for an additional 77 days without receiving a response, Plaintiffs' counsel contacted Lincoln's appeals specialist by email on September 6, 2024, to inquire into the status of the appeal.

25. Later that day, Lincoln's appeals specialist responded by attaching a letter dated July 15, 2024, which had never been sent to Plaintiffs or their counsel as evidenced by the fact that no street address was included on the letter.

26. In the letter dated July 15, 2024, Lincoln again upheld its adverse claim determination, arguing that even though "the quantity derived from the [toxicology] samples are not reliable," the "presence of alcohol and THC is still confirmed." Lincoln therefore concluded that the Insured's death "was not solely due to accidental injury" and is "excluded under the Policy."

27. An ERISA claimant's administrative remedies are deemed exhausted once all rights to appeal under the plan have been exhausted, so the claimant may then file a civil action. 29 C.F.R. §2560.503-1.

28. Accordingly, due to Lincoln's denial of their second appeal, Plaintiffs have exhausted their administrative remedies.

## CAUSE OF ACTION

29. Plaintiffs incorporate by reference all allegations in the preceding paragraphs 6 through 28 as though fully restated herein.

### ***Claim for Denial of AD&D Benefits***
### ***(29 U.S.C. §1132(a)(1)(B))***

30. The denial of Plaintiffs claims for the AD&D benefits under the Plan was wrong in that all necessary premiums were paid through the date of the Insured's accidental death, which did not fall within a proper, valid exclusion.

31. In particular, Lincoln has not proven that drugs or alcohol caused or contributed to the Insured's accident or that any presumption of impairment applies.

32. As a result of the conduct and failures of Lincoln, Plaintiffs have been denied the AD&D benefits, and have been damaged in the amount of the unpaid insurance proceeds plus applicable interest.

33. Lincoln has been unjustly enriched by its retention of all premiums and insurance benefits properly owed to Plaintiffs. Lincoln has also unjustly benefitted by putting itself in the position of accepting and enjoying the benefits of insurance premiums for coverage paid by or on behalf of the Insured, while retaining the right to deny any claim for benefits under the said coverage.

34. Lincoln has also been unjustly enriched to the extent that it has realized profits on the monies it refused to pay to Plaintiffs.

35. Plaintiffs are entitled to recover said benefits pursuant to 29 U.S.C. §1132(a)(1)(B).

36. As a further direct and proximate result of the conduct of Lincoln, Plaintiffs have been required to incur attorneys' fees and costs in pursuing this action. Pursuant to 29 U.S.C. §1132(g)(1), Plaintiffs are entitled to have such fees and costs paid by Lincoln should they prevail.

37. Following the denial of benefits under the group policies, when Lincoln denied Plaintiffs' administrative appeal, Plaintiffs' administrative remedies required under ERISA were deemed exhausted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Luis Fuentes and Catalina Vasquez de Fuentes, pray for relief against Lincoln as follows:

a) Judgment awarding AD&D insurance benefits, plus interest, or, if that is unavailable, then equitable relief by way of a finding of waiver, estoppel or surcharge;

b) Separate and apart from the benefits under the group plan, disgorgement of any profits Lincoln may have realized by the wrongful retention of such benefits;

c) Enforcement of Plaintiffs' rights under the terms of the group plan;

d) Payment of all costs and attorneys' fees incurred in pursuing this action;

e) Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

f) All other and further relief as this Court deems just and proper.

DATED this 7th day of September, 2024.

Respectfully submitted,

*/s/ Michael Hoover*

Michael J. Hoover (TX No. 24132888)
Southern District Federal I.D. No. 2934952
Interpleader Law, LLC
5800 One Perkins Place Dr., Suite 2A
Baton Rouge, LA 70808
Phone: (225) 246-8706
Fax: (888) 200-3530
Email: michael.hoover@interpleaderlaw.com

*Attorneys for Plaintiffs*