**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LUIS FUENTES and CATALINA VASQUEZ de FUENTES, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:24cv03332 |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiffs' Complaint (the "Complaint") filed by Plaintiffs Luis Fuentes and Catalina Vasquez de Fuentes ("Plaintiffs") and states as follows:

**PARTIES**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff Luis Fuentes' current residence, and accordingly, denies this allegation.

2. Lincoln is without sufficient knowledge to either admit or deny Plaintiff Catalina Vasquez de Fuentes' current residence, and accordingly, denies this allegation.

3. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania. Lincoln admits that it issued a Group Life Insurance Policy (the "Policy") to Western Distributing Company ("WDC"), which Policy, at certain times, insured benefits from the Western Distributing Company Life Insurance Benefit Plan (the "Plan"). Lincoln admits WDC sponsored the Plan to provide life benefits, including accidental death and dismemberment ("AD&D") benefits, to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Lincoln admits that Plaintiffs' claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiffs is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## FACTUAL ALLEGATONS

6. Lincoln admits that Johnny Fuentes ("Decedent") was employed by WDC. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that Decedent was an employee of WDC and a participant in the Plan, which included AD&D benefits. Lincoln admits that benefits from the Plan were, at certain times, insured by the Policy issued by Lincoln to WDC. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that Decedent was an employee of WDC and a participant in the Plan, which included AD&D benefits. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that Decedent designated Plaintiffs as beneficiary for AD&D benefits under the Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that Decedent was an employee of WDC and a participant in the Plan, which included AD&D benefits. Lincoln admits that benefits from the Plan were, at certain

times, insured by the Policy issued by Lincoln to WDC, and that the Policy was in effect at the time of his death. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits the administrative record regarding Plaintiffs' claims for life and AD&D benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it received claims for life, voluntary life, and AD&D benefits from Plaintiffs. Lincoln admits that it sent letters dated September 26, 2023, to Plaintiffs, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits it received a letter from Plaintiffs' counsel dated February 1, 2024, appealing of the denial of Plaintiffs' claims for AD&D benefits from the Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits the administrative record regarding Plaintiffs' claims for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiffs' claims for AD&D benefits from the Plan under the Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that it sent a letter dated March 4, 2024, to Plaintiffs' counsel, and

Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits it received a letter from Plaintiffs' counsel dated March 4, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that it sent a letter dated March 25, 2024, to Plaintiffs' counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits it received first and second level appeals of the denial of Plaintiffs' claims for AD&D benefits from the Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that it sent letters dated March 25, 2024, and July 15, 2024, to Plaintiffs' counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiffs' claims for AD&D benefits and denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that notes pertaining to communications with Plaintiffs' counsel are contained in the administrative record upon which Plaintiffs' claims for AD&D benefits from the Plan under the Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that notes pertaining to communications with Plaintiffs' counsel are contained in the administrative record upon which Plaintiffs' claims for AD&D benefits from the

Plan under the Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that it sent a letter dated June 20, 2024, to Plaintiffs' counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiffs' claims for AD&D benefits from the Plan under the Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that it sent a letter dated June 20, 2024, to Plaintiffs' counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits it received a letter from Plaintiffs' counsel dated June 21, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiffs' claims for AD&D benefits from the Plan under the Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that notes pertaining to communications with Plaintiffs' counsel are contained in the administrative record upon which Plaintiffs' claims for AD&D benefits from the Plan under the Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that it sent a letter dated July 15, 2024, to Plaintiffs' counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that it sent a letter dated July 15, 2024, to Plaintiffs' counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. To the extent that Paragraph 27 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that Plaintiffs exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiffs' claims and administrative appeal prerequisite to bringing a claim for recovery of AD&D benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiffs regarding any specific claims, issues, or rationales that Plaintiffs may have failed to raise in support of Plaintiffs' claims or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that Plaintiffs exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiffs' claims and administrative appeal prerequisite to bringing a claim for recovery of AD&D benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiffs regarding any specific claims, issues, or rationales that Plaintiffs may have failed to raise in support of Plaintiffs' claims or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

## CAUSE OF ACTION

29. Lincoln incorporates its responses to Paragraphs 6-28 by reference as if fully set forth herein.

**Claim for Denial of AD&D Benefits**
***(29 U.S.C. §1132(a)(1)(B))***

30. Lincoln admits only that its decisions on Plaintiffs' claims for AD&D benefits were based on the administrative record upon which Plaintiffs' claims for benefits from the Plan under the Policy were evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiffs' claims for benefits and denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits only that its decisions on Plaintiffs' claims for AD&D benefits were based on the administrative record upon which Plaintiffs' claims for benefits from the Plan under the Policy were evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln admits the administrative record regarding Plaintiffs' claims for AD&D benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiffs' claims for benefits and denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that it sent letters dated September 26, 2023, to Plaintiffs and letters dated March 25, 2024, and July 15, 2024, to Plaintiffs' counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that by this action, Plaintiffs are seeking recovery of AD&D benefits from the Plan, along with other damages, but Lincoln denies Plaintiffs are entitled to any such relief or recovery. Lincoln denies that it violated any provision

of ERISA with regard to Plaintiffs' claims for benefits and denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln denies all allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies all allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that by this action, Plaintiffs are seeking recovery of AD&D benefits from the Plan, but Lincoln denies Plaintiffs are entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that by this action, Plaintiffs are seeking recovery of AD&D benefits from the Plan, along with attorney's fees and costs, but Lincoln denies Plaintiffs are entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that Plaintiffs exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiffs' claims and administrative appeal prerequisite to bringing a claim for recovery of AD&D benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiffs regarding any specific claims, issues, or rationales that Plaintiffs may have failed to raise in support of Plaintiffs' claims or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiffs is entitled to the relief sought therein.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiffs may not recover damages under state law in this action. The damages, if any, claimed by Plaintiffs are limited to those available under ERISA.

3. The Policy grants discretionary authority to Lincoln to determine eligibility for benefits from the Plan under the Policy, and Lincoln did not abuse its discretion is making decisions on Plaintiffs' claims for life benefits.

4. Plaintiffs have failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiffs failed to raise in support of Plaintiffs' claim or during the administrative review process.

5. Plaintiffs' claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiffs recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 3rd day of October 2024.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800

Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Michael J. Hoover
Email: michael.hoover@interpleaderlaw.com

October 3, 2024 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers