UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS FUENTES and CATALINA VASQUEZ de FUENTES, | * | |
| | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 4:24-cv-03332 |
| | * | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | * | |
| | * | |
| | * | |
| Defendant. | * | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

   The Rule 26(f) conference was held on October 16, 2024 via telephone. Michael Hoover, counsel for Plaintiffs, and Iwana Rademaekers, counsel for Defendant, were present.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Briefly describe what this case is about.

   Plaintiffs' claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*. Plaintiffs seek accidental death and dismemberment benefits ("AD&D") benefits under an employee welfare benefit plan (the "Plan") established and maintained by Western Distributing Company, which employed Plaintiffs' son, Johnny Fuentes, who was killed in a motorcycle accident. Defendant issued a group policy to Western Distributing Company to insure, in part, the AD&D components of the Plan. Plaintiffs assert a claim for wrongful denial of benefits under 29 U.S.C. § 1132(a)(1)(B). Defendant denies the general allegations of Plaintiffs' Complaint and maintains that it properly adjudicated Plaintiffs' claims for AD&D benefits pursuant to the terms and conditions of the applicable Plan documents.

4. Specify the allegation of federal jurisdiction.

This Court has jurisdiction over this matter pursuant to 29 U.S.C. §1132(c) in that Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq. as Plaintiffs seek benefits under an ERISA employee welfare benefit plan.

5. Name the parties who disagree and the reasons.

None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None.

7. List anticipated interventions.

None.

8. Describe class-action issues.

None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

This is an ERISA denial of benefits case decided on the Administrative Record. Accordingly, the parties do not believe the exchange of initial disclosures is appropriate.

10. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

The parties contend that this case is governed by ERISA and, as such, will be decided on the Administrative Record without any further written or oral discovery. ERISA discovery is limited to the Administrative Record to achieve ERISA's goal of resolving claims "efficiently and inexpensively." *See* Vega v. Nat'l. Life Ins. Servs., 188 F.3d 287, 299–300 (5th Cir. 1999), abrogated on other grounds by Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S. Ct. 2343, 171 L.Ed.2d 299 (2008); Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 215 (5th Cir. 1999).

As no discovery is necessary, discovery does not need to be conducted in phases or limited to particular issues.

There are no issues about disclosure or discovery of electronically stored information.

To the extent the parties believe privileged or proprietary information must be disclosed, the parties will submit an agreed protective order to the Court.

B. When and to whom the plaintiff anticipates it may send interrogatories.

N/A.

C. When and to whom the defendant anticipates it may send interrogatories.

N/A.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

N/A.

E. Of whom and by when the defendant anticipates taking oral depositions.

N/A.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

N/A.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

N/A.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

N/A.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

None.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13. State the date the planned discovery can reasonably be completed.

The parties propose that Defendant produce the Administrative Record no later than January 10, 2025. Plaintiffs shall have 14 days to review the Administrative Record to ensure it is complete. If the Plaintiffs believe the Administrative Record is incomplete, they shall contact Defendant by January 24, 2025, to confer about any documents alleged to be missing from the Administrative Record. Defendant shall have until February 7, 2025, to either supplement the Administrative Record or to notify Plaintiffs in writing that it disagrees the Administrative Record is incomplete. If, after February 21, 2025, Plaintiffs still disagree that the Administrative Record is incomplete, Plaintiffs shall have until February 28, 2025, to file a motion to supplement the Administrative Record. The parties believe discovery can be completed once the Administrative Record is finalized, or by February 28, 2025.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties agree to engage in discussions to determine whether early resolution of this matter is possible.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

Plaintiffs made a demand on November 25, 2024. Defendant agreed to respond to that demand as soon as practical.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

The parties contend that private mediation may be suitable in this case.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The parties do not agree to a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

A jury demand is not proper in an ERISA denial of benefits case.

19. Specify the number of hours it will take to present the evidence in this case.

As this case is governed by ERISA, the parties foresee that the case will be resolved through dispositive motions based on the Administrative Record.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    The parties reiterate that this is an ERISA denial of benefits case that should be determined on the Administrative Record. Therefore, no discovery, experts, or trial should be necessary.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Plaintiffs certify that they filed their Certificate of Interested Parties on September 7, 2024. *See* ECF No. 3. Defendant certifies that it filed its Certificate of Interested Parties on October 4, 2024. *See* ECF No. 10.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

For Plaintiff:

Michael Hoover
TX 24132888
Interpleader Law, LLC
5800 One Perkins Place Dr., Suite 2A
Baton Rouge, LA 70808
(225) 246-8706

For Defendant:

Iwana Rademaekers
TX 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319

DATED this 26th day of November, 2024.

Respectfully submitted,

*/s/ Michael Hoover*

Michael J. Hoover (TX No. 24132888)
Southern District Federal I.D. No. 2934952
Interpleader Law, LLC
5800 One Perkins Place Dr., Suite 2A
Baton Rouge, LA 70808
Phone: (225) 246-8706
Fax: (888) 200-3530
Email: michael.hoover@interpleaderlaw.com

*Attorneys for Plaintiffs*

*/s/ Iwana Rademaekers*

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant The Lincoln National Life Insurance Company*

CERTIFICATE OF SERVICE

☒ I hereby certify that on November 26, 2024, I electronically transmitted the foregoing and any attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Michael J. Hoover*
Michael J. Hoover